UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES A. MARTORELLO,

    Plaintiff,

    v.

SUN LIFE ASSURANCE COMPANY OF CANADA, et al.,

    Defendants.

_____/

No. C 09-0912 PJH

**ORDER GRANTING MOTION TO DISMISS AMENDED COUNTERCLAIM**

    Plaintiff's motion to dismiss defendant's amended counterclaim came on for hearing before this court on July 15, 2009. Plaintiff Charles Martorello ("plaintiff"), appeared through his counsel, Brian H. Kim. Defendant Sun Life Assurance Company of Canada ("Sun Life" or "defendant"), appeared through its counsel, Amy Rose. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS plaintiff's motion to dismiss the amended counterclaim, for the reasons stated at the hearing, and summarized as follows.

    1.    Dismissal of defendant's original counterclaim was warranted because defendant had failed to allege a claim for equitable restitution under section 502(a)(3)(B) of ERISA. Specifically, defendant had failed "to sufficiently allege that the particular funds to which it claims an entitlement to under the Plan's reimbursement provision are funds belonging in good conscience to Sun Life and can clearly be traced to particular funds in plaintiff's possession or control, such that the court could impose a constructive trust or equitable lien on such funds." See Dismissal Order at 12.

    2.    Defendant's amended counterclaim seeks to address this deficiency by alleging, "on information and belief," identifiable funds in plaintiff's possession or control

that can be clearly traced, and to which defendant is clearly entitled in good conscience. See Amended Counterclaim, ¶ 9 ("On information and belief, the benefits that plaintiff mistakenly received from Sun Life and over which Sun Life has a legitimate claim can be directly traced to particular funds currently in Plaintiff's possession, custody or control."). While defendant concedes that its revised allegations are conclusory with respect to some identifiable fund that can be traced, and is in plaintiff's possession, custody, or control, it asserts that it cannot escape a conclusory allegation without the opportunity to obtain discovery of facts that are uniquely within plaintiff's control. See, e.g., Opp. Br. at 3:5-7.

   3. Although defendant's point regarding the need for discovery is understandable, the Supreme Court has been clear that conclusory allegations unsupported by proper factual allegations do not meet the requisite threshold to defeat a motion to dismiss. Bell Atlantic v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, __U.S. __, 129 S. Ct. 1937, 1950 (2009). Moreover, without the existence of any specifically identifiable fund that contains the alleged overpayments paid by defendant, and which is directly traceable to plaintiff's custody, possession, or control, defendant's claim for relief amounts to an impermissible claim for legal relief under ERISA. See Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 209, 213 (2002)(only equitable restitution from a plan beneficiary is proper under ERISA, provided that the claim for restitution seeks to recover monies or properties that were alleged to be properly due the fiduciary and can clearly be traced to particular and/or identifiable funds in plaintiff's possession or control); Sereboff v. Mid Atlantic Med. Servs., Inc., 547 U.S. 356, 363 (2006)( (Fiduciary "alleged breach of contract and sought money, to be sure, but it sought its recovery through a constructive trust or equitable lien on a specifically identified fund, not from the beneficiaries'] assets generally, as would be the case with a contract action at law."). Thus, the court concludes that defendant has not met its burden in establishing more than the "mere possibility" that it is entitled to relief. See Iqbal, 129 S. Ct. at 1949-50.

   4. Plaintiff's motion to dismiss defendant's amended counterclaim is accordingly

2

GRANTED. The dismissal is without prejudice, however, to defendant's ability to re-allege the counterclaim after the close of discovery, should discovery provide defendant with sufficient facts to adequately re-allege a claim for equitable restitution.

**IT IS SO ORDERED.**

Dated: July 17, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge