UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES A. MARTORELLO,

    Plaintiff,

    v.

SUN LIFE ASSURANCE CO., et al.,

    Defendants.

_____/

No. C 09-0912 PJH

**ODER GRANTING SUMMARY JUDGMENT IN PART AND DENYING SUMMARY JUDGMENT IN PART**

    The parties' cross-motions for summary judgment came on for hearing before the court on February 10, 2010. Plaintiff Charles Martorello ("Martorello" or "plaintiff"), appeared through his counsel, Terrence J. Coleman. Defendant Sun Life Assurance Company ("Sun Life" or "defendant"), appeared through its counsel, Julie Schwartz and Robert J. Guite. Having read all the papers submitted and carefully considered the relevant legal authority, the court hereby GRANTS plaintiff's motion and DENIES defendant's motion, for the reasons stated at the hearing, and summarized as follows.

    The heart of the parties' dispute here boils down to whether, under the terms and definitions of the Sun Life Policy, bonuses are to be included in the calculation of "disability earnings." Because standard rules of contract interpretation apply to insurance contracts, the court looks to the terms of the Policy for resolution. According to its terms, an employee's entitlement to partial disability benefits is determined based upon a comparison of that employee's "Disability Earnings," and his "Indexed Total Monthly Earnings." See Administrative Record ("AR") at 001026. "Disability Earnings" are defined as "the employment income an employee receives while partially disabled...". AR 001024. "Indexed Total Monthly Earnings," by contrast, depend upon the definition of "Total Monthly

Earnings," which is in turn defined as "the employee's basic monthly earnings as reported by the employer immediately prior to the first date total or partial disability begins." Significantly, the "Total Monthly Earnings" definition also expressly states that "it does not include bonuses, commissions, overtime pay or any other extra compensation." AR 001028.

Defendant interprets these provisions – and in particular, the "disability earnings" provision's reference to "employment income" – to refer to all income derived from employment, regardless of source characterization (e.g., bonuses, direct salary draw, etc.). Plaintiff, however, argues that, because the "Total Monthly Earnings" definition expressly does *not* include bonuses, it is inconsistent to construe "disability earnings" as including bonuses – particularly because the definition for "disability benefits" is silent as to whether a bonus is expressly included as "employment income" or not.

In the court's view, both parties advance reasonable interpretations of the policy language, and thereby disclose an ambiguity within the terms of the policy with respect to the inclusion of bonus amounts in the calculation of "disability earnings," and by extension, partial disability benefits. This conclusion is consistent with general Ninth Circuit authority, which construes policy terms in accordance with the context of the surrounding disability plan, tends to generally infer ambiguities whenever plan language is susceptible of two reasonable interpretations, and will impose upon insurers the requirement to set forth any relied upon definitions with particularity. See, e.g., Blankenship v. Liberty Life Assur. Co. of Boston, 486 F.3d at 624; Lang v. Long-Term Disability Plan of Sponsor Applied Remote Technology, Inc., 125 F.3d 794, 799 (9th Cir. 1997).

Indeed, because of this, defendant's contrary reliance on Riddell v. Unum Life Ins. Co. of Am., 457 F.3d 861 (4th Cir. 2006), while at first blush compelling, is inapposite. In Riddell, the Fourth Circuit dealt with the very same issue advanced by the parties here: whether an ERISA plan that includes a "monthly earnings" definition that *excludes* bonuses, when compared with a "disability earnings" definition that defines such earnings as those

received "while disabled and working" and is silent as to bonuses, creates an ambiguity. The Riddell court found no ambiguity, noting that each phrase was separate, with its own definition, each capable of being construed under an ordinary meaning that resulted in bonuses being excluded from a "monthly earnings" definition but included in the "disability earnings" definition. Critically, however, the Fourth Circuit also notes the dispositive principle that where plan fiduciaries "have offered a 'reasonable interpretation' of disputed provisions, courts may not replace it with an interpretation of their own." See id. at 865. To that end, as long as the insurer in Riddell came forward with a reasonable interpretation of the two seemingly at-odds definitions, the court was bound to accept it. The Ninth Circuit, by contrast – and as noted above – holds that an ambiguity exists wherever two reasonable interpretations of a disputed provision that are possible.

And where there is an ambiguity, the Ninth Circuit has also held that such ambiguity must be interpreted in favor of the employee. See Patterson v. Hughes Aircraft Co., 11 F.3d 948, 950 (9th Cir.1993); Blankenship v. Liberty Life Assur. Co. of Boston, 486 F.3d 620, 625 (9th Cir. 2007)("if, after applying the normal principles of contractual construction, the insurance contract is fairly susceptible of two different interpretations, another rule of construction will be applied: the interpretation that is most favorable to the insured will be adopted").

Applying the foregoing reasoning to the primary issue in dispute here, therefore, the court concludes that because the Sun Life Policy discloses an ambiguity with respect to the inclusion of bonus amounts in the calculation of "disability earnings," and by extension, partial disability benefits, the phrase "disability earnings" must be construed in favor of plaintiff employee. As such, it cannot be construed to include bonus income, and as a result, Sun Life's inclusion of such as part of the calculation of plaintiff's disability earnings was improper.

Adding weight to the fairness of this conclusion, moreover, is the observation that, viewing the course of conduct between the parties from October 2006 through August

3

2007, it is undisputed that plaintiff never hid the bonus amount from Sun Life. See, e.g., AR 000014 (Sun Life representative noting as early as 9/7/2006 that documentation received from Hilti "shows that [plaintiff's] bonus for 2006 will be $56,882"). Sun Life therefore had the opportunity and occasion to construe the Policy benefits with reference to plaintiff's earlier bonuses numerous times along the way.

Having ruled in plaintiff's favor on the foregoing, it is unnecessary for the court to consider the remaining arguments raised by the parties – i.e., whether Sun Life is equitably estopped from including plaintiff's bonus as part of the disability earnings calculation, or whether Sun Life correctly calculated the amount of plaintiff's bonus as part of the disability earnings. Rather, plaintiff's motion for summary judgment is GRANTED, and defendant's cross-motion for summary judgment is DENIED, based on the foregoing reasoning.

Judgment shall be entered in plaintiff's favor, and the matter is remanded to the insurer to calculate the amount of benefits due and owing to the plaintiff. The parties are furthermore instructed to meet and confer, once the amount of outstanding benefits owing to the plaintiff is calculated, and to thereafter submit a stipulated proposed judgment to the court reflecting the final disposition of the matter.

**IT IS SO ORDERED**.

Dated: April 9, 2010

PHYLLIS J. HAMILTON
United States District Judge

4